# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

OMAR LEOPOLDO RODRIGUEZ and )
GYOVANNI JOSE PARGA TORRES, )
minors, by and through their Co-Guardians, )
HUGO HUMBERTO ROBLES and )
YOLANDA ROBLES; CELESTE CHAVEZ- )
ROBLES, a minor, by and through her natural )
parents, JOSEPHINE CHAVEZ-RODRIGUEZ)
and JUAN CHAVEZ-RODRIGUEZ; HUGO )
HUMBERTO ROBLES and YOLANDA )
ROBELS, individuals; JOSEPHINE )
CHAVEZ-RODRIGUEZ and JUAN )
CHAVEZ-RODRIGUEZ, individuals; and )
HUGO HUMBERTO ROBLES, as Co- )
Administrators of the Estates of CLAUDIA )
PARGA (Decedent) and LEOPOLDO )
RODRIGUEZ-VASQUEZ (Decedent), )

            Plaintiffs, )
    vs. )
                         )
WORTHINGTON CYLINDER )
CORPORATION, an Ohio corporation; )
WORTHINGTON CYLINDERS )
CORPORATION, LLC, an Ohio limited )
liability company; FRANK G. HINE, a )
Nevada resident; DOES I through X; and )
ROES I through X, inclusive, )

            Defendants. )
)

Case No.: 2:14-cv-01446-GMN-VCF

**ORDER**

Asserting both federal question and diversity jurisdiction, Defendant Frank G. Hine ("Defendant Hine") removed this case to federal court. (ECF No. 1). This Court then entered an Order to Show Cause (ECF No. 5) as to why it should not remand for failure to satisfy 28 U.S.C. § 1332's diversity jurisdiction requirement because no federal question was asserted and

both Defendant Hine and several of the plaintiffs are Nevada residents.  Defendant Hine has filed a Response to the Order to Show Cause (ECF No. 6), and Plaintiffs filed a Reply. (ECF No. 8).  Plaintiffs also filed a Motion to Remand (ECF No. 7), arguing that, in addition to the lack of complete diversity, Defendant Hine's removal was procedurally deficient.  Defendant Hine filed an Opposition (ECF No. 9), and Plaintiffs filed a Reply. (ECF No. 10).

For the reasons discussed below, the Court **GRANTS** Plaintiffs' Motion to Remand and remands this case to state court.

I.   **BACKGROUND**

In September of 2012, Plaintiffs gathered to celebrate a baptism at a rental property owned by Defendant Hine. (Mot. to Remand Ex. 2 ("First Am. Compl.") at ¶ 23, ECF No. 7).  During the gathering, a propane tank exploded and a fire began, killing Claudia Parga and Leopoldo Rodriguez-Vasquez and injuring several of the Plaintiffs. (*Id.* at ¶¶ 32-50).  After filing the original Complaint in Nevada state court on April 28, 2014 (Mot. to Remand 4:3, ECF No. 7), Plaintiffs filed a First Amended Complaint, which set forth strict liability, products liability, and breach of warranty claims against Defendants Worthington Cylinder Corporation and Worthington Cylinders Corporation ("Worthington"). (Mot. to Remand Ex. 2 ("First Am. Compl.") at ¶¶ 52-79, ECF No. 7).  The First Amended Complaint also contained wrongful death and negligence claims against all of the Defendants (*Id.* at ¶¶ 75-84, 92-98), including Defendant Hine, who was added as a party in the First Amended Complaint and was served on June 12, 2014. (Mot. to Remand 4:6-9, ECF No. 7).  On September 8, 2014—almost four months after receiving service of the First Amended Complaint—Defendant Hine, who is proceeding pro se, removed the case to federal court. (Notice of Removal, ECF No. 1).

II.   **DISCUSSION**

"The district courts of the United States…are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v.*

1    *Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co.*

2    *of Am.*, 511 U.S. 375, 377 (1994)).  The federal removal statute provides that a defendant may

3    remove an action to federal court based on federal question jurisdiction or diversity jurisdiction.

4    28 U.S.C. § 1441.  In either event, there is a strong presumption against removal, and the

5    burden of establishing the propriety of removal is on the defendant.  *Hunter v. Philip Morris*

6    *USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (relying on *Gaus v. Miles, Inc.*, 980 F.2d 564, 566

7    (9th Cir. 1992) (per curiam)).  "If at any time before final judgment it appears that the district

8    court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  All

9    ambiguity is to be resolved in favor of remanding to state court. *Hunter*, 582 F.3d at 1042.

10        **A.    Complete Diversity**

11        Contrary to Defendant Hine's assertion in his Notice of Removal, this case does not

12   involve a federal question.  Therefore, in order to prevent the case from being remanded to state

13   court, Defendant Hine must establish that diversity jurisdiction exists.  To remove a state law

14   civil action to federal court on the basis of diversity jurisdiction, a removing defendant must

15   show that the parties are completely diverse and that the matter in controversy exceeds the sum

16   or value of $75,000. 28 U.S.C. § 1332(a).  Complete diversity of citizenship under 28 U.S.C. §

17   1332 requires that each plaintiff must be a citizen of a different state than each defendant.

18   *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Because Plaintiffs and

19   Defendant Hine are not citizens of different states, complete diversity does not exist here. (Mot.

20   to Remand Ex. 2 ("First Am. Compl.") at ¶¶ 3-11, ECF No. 7).

21        Defendant Hine has argued that complete diversity does exist because he is a

22   fraudulently joined defendant. (Opp'n to Remand 2:24-26, ECF No. 9).  It is true that "one

23   exception to the requirement for complete diversity is where a non-diverse defendant has been

24   'fraudulently joined.'" *Princess Cruises, Inc.*, 236 F.3d at 1067.  "Although there is a general

25   presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a

resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted).  Plaintiffs' negligence claim against Defendant Hine, however, does not obviously fail.

In order to succeed on a negligence claim in Nevada, a plaintiff must establish that: "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages." *DeBoer v. Senior Bridges of Sparks Family Hosp., Inc.*, 282 P.3d 727, 732 (Nev. 2012). Defendant Hine takes issue with the first element, claiming that the Plaintiffs did not "identify any specific duty" that he was required to perform. (Opp'n to Remand 6:3-4, ECF No. 9).  As the First Amended Complaint reveals, however, Plaintiffs did identify a specific duty allegedly owed to them by Defendant Hine—the duty of care. (Mot. to Remand Ex. 2 ("First Am. Compl.") at ¶ 81, ECF No. 7).  Specifically, Plaintiffs allege:

> The Defendant owed multiple duties to Plaintiffs to use reasonable care and diligence in the performance of various functions and acts, including but not limited to, maintaining the Robles Home in a safe condition, and the investigation, discovery, and repair of dangerous conditions on the Robles Home property, including but not limited to, the dangerous Patio, which did not have safe, functioning, and/or adequate entrance/exit points.

(*Id.*).  Because the remaining elements of negligence are also adequately pled and are uncontested (*Id.* at ¶¶ 82-83), Plaintiffs have not failed to state a cause of action against Defendant Hine.  Defendant Hine's claims that he has no assets[1] and that Defendant Worthington has "deep-pockets"[2] likewise fail to convert him into a sham defendant.

---

[1] The Court notes that Defendant Hine admits that he is the landlord and alleges that the fire destroyed his property. (Opp'n to Remand 5:23-24, ECF No. 9).

[2] Defendant Hine refers to the co-defendant as "a successful business with deep-pockets." (Opp'n to Remand 5:11, ECF No. 9).

Defendant Hine, therefore, cannot overcome the presumption against fraudulent joinder and that exception to diversity jurisdiction does not apply.

### B. Timeliness

As indicated by Plaintiffs in their Motion to Remand, Defendant Hine failed to comply with 28 U.S.C. § 1446(b)(2)(B), which instructs that a defendant must file for removal within 30 days of being served the complaint.  Furthermore, Defendant Hine has failed to present a valid justification for his non-compliance with the 30-day requirement.  Even if the Court accepted Defendant Hine's claim of fraudulent joinder as a basis for removal on diversity jurisdiction, this claim would have been evident to him on the date he was served with the First Amended Complaint—June 12, 2014. (Mot. To Remand 4:8-9, ECF No. 7).  Because he allowed well over thirty days to pass before filing his Notice of Removal on September 8, 2014, his filing was untimely and is barred by 28 U.S.C. § 1446(b)(2)(B).

As a result of Defendant Hine's failure to comply with the removal statute's timeliness requirement and because his claim of fraudulent joinder is insufficient to create an exception to the diversity jurisdiction requirement, this Court lacks subject matter jurisdiction over this case, and it must be remanded back to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (internal quotations omitted).

### C. Attorneys' Fees

As permitted by 28 U.S.C. § 1447(c), Plaintiffs' motion also requested costs and attorneys' fees based on Defendant Hine's "dilatory conduct." (Mot. to Remand 7:20-21, ECF No. 7).  Plaintiffs argue that an award of costs and attorneys' fees would "teach [Defendant Hine] that his actions have consequences, and nip his abusive litigation tactics in the bud." (*Id.* 7:22-23).  The fact that Defendant Hine is proceeding pro se, according to Plaintiffs, "should not deter the imposition of fees and costs for his misconduct." (*Id.* 7:7-8).

The Supreme Court has pronounced the standard for obtaining attorneys' fees under the removal statute as whether "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *accord Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). This Court finds that Defendant Hine did not lack an objectively reasonable basis for removal in this case. Only a small portion of the First Amended Complaint relates to Plaintiffs' claim against Defendant Hine while the vast majority of the pleadings are dedicated to allegations related to Worthington's propane tank. (Mot. to Remand Ex. 2 ("First Am. Compl."), ECF No. 7). Additionally, the parties were completely diverse until Defendant Hine's addition to the suit in the First Amended Complaint. (Mot. to Remand 4:6-7, ECF No. 7). Accordingly, the Court does not find that Defendant Hine "lacked an objectively reasonable basis for seeking removal," particularly in light Defendant Hine's pro se status. Plaintiffs' request for costs and attorneys' fees is denied.

## III.   <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 7) is **GRANTED in part and DENIED in part** in accordance with this Order. Plaintiffs' request for attorneys' fees is denied, and this case is remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this court's case.

**DATED** this 5th day of February, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge